## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MSP RECOVERY CLAIMS,
SERIES LLC, et al.,

          Plaintiffs,

v.                                        Case No. 3:19-cv-128-MMH-JRK

NGM INSURANCE COMPANY, et
al.,

          Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Class Complaint for Damages (Doc. 67; Motion), filed on October 27, 2020. In the Motion, Defendants move to dismiss Plaintiffs' Amended Class Complaint for Damages (Doc. 31; Amended Complaint) for lack of standing, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (Rule(s)), and for failure to state a claim pursuant to Rule 12(b)(6). See Motion at 1-3. On December 4, 2020, Plaintiffs filed a response in opposition to the Motion. See Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint for Damages (ECF No. 67) (Doc. 76; Response). Accordingly, this matter is ripe for review.

Plaintiffs bring this class action to recover funds Defendants allegedly owe to certain Medicare Advantage Organizations (MAO) under the Medicare Secondary Payer Act (MSPA), 42 U.S.C. § 1395y. See Amended Complaint ¶ 1. Generally, Plaintiffs allege that Defendants are primary payers under the MSPA and as such, are required to reimburse the MAOs for conditional payments the MAOs made on behalf of their enrollees for accident-related injuries. Id. ¶¶ 2-3. Significantly, Plaintiffs are not MAOs themselves, but rather allege that they have standing to pursue such reimbursement claims pursuant to valid assignment agreements with affected MAOs. See id. ¶¶ 13, 28, 42. In support, Plaintiffs identify three exemplar claims—specific medical bills of three different MAO enrollees, conditionally paid by an MAO, which Defendants were allegedly required to reimburse under the MSPA and failed to do so. See id. ¶¶ 7-12 (M.H. claim), ¶¶ 22-27 (F.C. claim), ¶¶ 36-41 (C.P. claim). Plaintiffs allege that they have the legal right to pursue these exemplar claims pursuant to "a series of valid assignment agreements." See id. ¶¶ 13, 28, 42, Exs. D-F, J-L.

In the Motion, Defendants argue that "Plaintiffs cannot establish that they are the valid assignees of any claim related to injuries allegedly sustained by the exemplary beneficiaries named in the Amended Complaint." See Motion at 3. As such, Defendants maintain that Plaintiffs lack standing to pursue this action and ask the Court to dismiss this case for lack of subject

matter jurisdiction. See id. at 7-14, 20. In support, Defendants cite to other MSPA reimbursement cases in this district and others, involving the same or related plaintiffs, where courts have considered the same or substantially similar assignment agreements and found a lack of standing. See MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc., No. 18 Civ. 8036 (AT), 2020 WL 91540, at *2, *4-5 (S.D.N.Y. Jan. 8, 2020); MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co., No. 18 C 7849, 2019 WL 6893007, at *2 (N.D. Ill. Dec. 18, 2019); MSP Recovery Claims, Series LLC v. N.Y. Centr. Mut. Fire Ins. Co., No. 6:19-CV-00211 (MAD/TWD), 2019 WL 4222654, at *5-6 (N.D.N.Y. Sept. 5, 2019); see also MSP Recovery Claims, Series, LLC v. AIX Specialty Ins. Co., No. 6:18-cv-1456-Orl-40DCI, 2020 WL 5524854, at *10-11 (M.D. Fla. Aug. 10, 2020).

In the Response, Plaintiffs do not address, much less challenge, the merits of Defendants' standing argument. Instead, Plaintiffs state that "[a]lthough Plaintiffs disagree with the rationales underlying Defendants' cited authority, they do not address them here. That is because Plaintiffs have identified additional [exemplar] claims which render Defendants' arguments moot." See Response at 4. Plaintiffs explain that they "have detailed certain of these additional [exemplar] claims in a proposed Second Amended Complaint," and "intend to file their Motion for Leave to File Second Amended Complaint,

detailing the good cause supporting that amendment, no later than Tuesday, December 8, 2020." Id. at 5.

Upon review of the docket, Plaintiffs have not filed any motion for leave to amend the complaint to date. Thus, to the extent Plaintiffs contend that Defendants' challenge to Plaintiffs' standing is moot, this argument fails. Plaintiffs do not otherwise substantively address Defendants' standing argument or attempt to distinguish or rebut Defendants' cited authorities. The Court declines to conduct research or make arguments on Plaintiffs' behalf. See Pelfresne v. Vill. of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him." (internal citations omitted)). Indeed, the Court treats Plaintiffs' failure to respond to the merits of Defendants' request for dismissal on the basis of standing as a concession that the request is due to be granted. See Guzman v. City of Hialeah, No. 15-23985-CIV-GAYLES, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point."); see also Chapman v. Abbott Labs., 930 F. Supp. 2d 1321, 1325 (M.D. Fla. Mar. 14, 2013); Leary v. Infolink Global Corp., No. 12-21339-CIV-MARRA, 2012 WL 6634803, at *3 n.5 (S.D. Fla. Dec. 20, 2012); Covington v. Arizona

Beverage Co., LLC, No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2009 WL 10668916, at *6 (S.D. Fla. Sept. 11, 2009) ("Plaintiff has tacitly conceded the merits of Defendants' argument by not responding to it."). Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiffs' Amended Class Complaint for Damages (Doc. 67) is **GRANTED, in part, and DENIED, in part**.

    A. The Motion is **GRANTED** to the extent Plaintiffs' claims are **DISMISSED without prejudice** for lack of standing.

    B. The Motion is otherwise **DENIED**.

2. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of March, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record